OPINION
Appellant, Elizabeth Weigel, appeals the judgment of the Clinton County Court of Common Pleas, Juvenile Division, granting Clinton County Children Services ("CCCS") permanent custody of her sons, Clinton and Caleb Conger. Weigel complains that the juvenile court abused its discretion by refusing to continue the permanent custody hearing, and she argues that the juvenile court's decision to award permanent custody to the CCCS was against the manifest weight of the evidence.
Caleb Conger was born on September 19, 1993, and Clinton Conger was born on June 23, 1995. On June 26, 1995, CCCS filed complaints alleging that Clinton and Caleb Conger were dependant children.[1] The juvenile court held an adjudicatory hearing on August 29, 1995. On September 12, 1995, the juvenile court adjudicated both children dependant. The juvenile court ordered that Weigel and the children's father, Lee Conger, Jr., receive not less than two visits per week.
On May 15, 1996, CCCS filed a motion to modify temporary custody to permanent custody. The juvenile court held a hearing on that motion on August 26, 1996. On September 10, 1996, the juvenile court granted CCCS's motion for permanent custody.
On appeal, Weigel sets forth two assignments of error. Under her first assignment, Weigel argues that the juvenile court erred by refusing to grant her motion for a continuance of the hearing for permanent custody. The permanent custody hearing was scheduled for 1:30 p.m. on a Monday. The children's guardian ad litem filed her report at 4:30 p.m. on the preceding Friday. Weigel's attorney argued that Weigel did not have sufficient time to review the guardian's report. The juvenile court denied Weigel's request for a continuance, but did grant a recess so that Weigel and her attorney could review the guardian's report. Following the recess, Weigel did not renew her motion to continue the hearing, or otherwise indicate how she would benefit from a continuance.
Weigel now complains that she was denied an adequate opportunity to prepare for the permanent custody hearing because the children's guardian ad litem did not file the report sooner. The guardian filed her report in compliance with R.C.2151.414(C).[2] See, also, In re Shaeffer Children (1993),85 Ohio App.3d 683, 693 (submission of guardian's report at the close of evidence satisfied statutory requirements). Weigel complains, nevertheless, that the juvenile court's failure to grant a continuance violated her constitutional right to due process. Weigel, however, has not come forward with any indication that she did not have an adequate opportunity to review and respond to the report at the hearing, or that she was otherwise prejudiced by the juvenile court's refusal to continue the hearing. This court is not convinced that the juvenile court's decision not to continue the hearing violated Weigel's due process rights. Weigel's first assignment of error is overruled.
Weigel complains under her second assignment of error that the juvenile court's decision to grant CCCS permanent custody of the children was against the manifest weight of the evidence. This court disagrees.
A juvenile court cannot grant permanent custody to a petitioning agency unless the court finds both that permanent custody is in the child's best interest and that the child cannot or should not be placed with either parent within a reasonable time. R.C.2151.414(B)(1). "Permanent custody may not be granted unless the trial court finds by clear and convincing evidence that one or more of the eight enumerated factors in R.C. 2151.414(E) exist." In re William S. (1996), 75 Ohio St.3d 95, syllabus.
One enumerated factor the juvenile court can consider is whether "[t]he parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so * * *." R.C.2151.414(E)(4). Here, the juvenile court found that Weigel showed a lack of commitment toward the children by failing to visit them regularly. This finding is supported by clear and convincing evidence in the record.
CCCS caseworkers Cindy Rickets and Michelle Rolfe testified at the permanent custody hearing. Rickets indicated that after the agency received temporary custody of the children, Weigel exercised less than half of her scheduled visits with the children between February 1995 through August 1995. From August 1995 through February 1996, Weigel exercised only about half of her scheduled visits with the children. In March 1996, Weigel's visits dropped below twenty-five percent, and in April Weigel attended only eleven percent of her scheduled visits. In April, Weigel informed CCCS that the children's father had received a restraining order against her, and indicated that she could not visit the children if their father was present. According to Rickets, the agency offered her a separate visitation schedule which she did not exercise. In May and June 1996, Weigel exercised less than one quarter of her scheduled visits. In July, Weigel used only forty percent of her scheduled visits. Weigel attended about eighty-five percent of her visits in August 1996, the month of the scheduled permanent custody hearing.
When Weigel did visit, there is evidence that she did not interact well with the children. Foster mother Brenda Kepler, CCCS casework supervisor Connie Branham, and caseworker Rolfe all testified to Weigel's lack of interaction between the children during her visits.
Weigel's lack of commitment in visiting her children in accordance with the case plan raised serious questions about her commitment to the children and to reunification. Under the circumstances, the juvenile court's conclusion that Weigel could not be reunified with the children within a reasonable time and that granting CCCS permanent custody would be in the children's best interest was not against the manifest weight of the evidence. Weigel's second assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] In February 1995, CCCS accepted voluntary temporary custody of Caleb. On June 24, 1995, one day after Clinton Conger's birth, the juvenile court granted CCCS's motion for an ex parte emergency custody order with respect to Clinton.
[2] R.C. 2151.414(C) provides that "[a] written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section * * *."